UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GLEN SCRUGGS,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:14-cv-00625-GMN-CWH

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

    Respondents have filed a motion to seal petitioner's presentence investigation report. (ECF No. 12). There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for improper purposes. *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

    The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and motions in terms of the showing required to seal a document. For a document filed with a dispositive motion, "compelling reasons" must be shown to justify sealing the document. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. In contrast, for documents

filed with non-dispositive motions, a "good cause" showing will suffice to keep the records sealed. *Id.* This is based on the reasoning that the public has less need for access to records that are merely tangentially related to the underlying cause of action. *Id.* at 1179. A showing of good cause generally requires a specific description of the particular document(s) sought to be sealed and a showing that disclosure of such documents would work a "clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994). Where good cause is shown for a protective order, the court must balance the potential harm to the moving party's interests against the public's right to access the court files. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

The presentence report of petitioner was submitted in support of respondents' motion to dismiss, a dispositive motion. The presentence report (Exhibit 26) contains confidential information concerning petitioner, as defined under NRS 176.156. On balance, the potential harm to the parties' interests outweighs the public's right to access the presentence report. Respondents have made an adequate showing of compelling reasons to file the presentence report under seal. Accordingly, the Court grants respondents' motion to seal the presentence report.

By order filed December 16, 2014, the Court granted petitioner a 90-day extension of time in which to file his opposition to the pending motion to dismiss. (ECF No. 15). In granting the motion, the Court noted that, given the length of the extension granted, the Court was disinclined to grant petitioner further extensions to respond to the motion to dismiss. (*Id.*). Petitioner has filed a motion for an additional 30-day extension of time in which to file an opposition to the pending motion to dismiss. (ECF No. 16). Having reviewed the motion and good cause appearing, petitioner's motion is granted. However, no further extensions of time will be granted absent extraordinary circumstances.

**IT IS THEREFORE ORDERED** that respondents' motion to seal (ECF No. 12) petitioner's presentence report (Exhibit 26) is **GRANTED.** Within **thirty (30) days** from the date of entry of this order, respondents **SHALL FILE UNDER SEAL** petitioner's presentence report.

1     **IT IS FURTHER ORDERED** that petitioner's motion for an extension of time to
2 file an opposition to the pending motion to dismiss (ECF No. 16) is **GRANTED.**
3 Petitioner's opposition shall be filed within **thirty (30) days** from the date of entry of this
4 order. No further extensions will be granted, absent extraordinary circumstances.

5     Dated this 30th day of March, 2015.

                                           Gloria M. Navarro, Chief Judge
                                           United States District Court