# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GLEN SCRUGGS,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:14-cv-00625-GMN-CWH

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 6).

**I. PROCEDURAL HISTORY**

    On March 1, 2011, in the Eighth Judicial District for the State of Nevada, petitioner was convicted, pursuant to a guilty plea, of one count of robbery. (Exhibit 35).[1] Petitioner was sentenced under Nevada's large habitual criminal statute to life in prison with parole eligibility after serving ten years in prison. (*Id.*).[2] Petitioner filed a timely notice of appeal. (Exhibit 38). By order filed April 11, 2012, the Nevada Supreme Court affirmed petitioner' conviction. (Exhibit 53). Remittitur issued on May 7, 2012. (Exhibit 54).

    On January 30, 2013, petitioner filed a post-conviction petition in the state district court. (Exhibit 60). The state district court denied the petition on May 15, 2013. (Exhibit 68). Petitioner appealed. (Exhibit 73). On February 12, 2014, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition. (Exhibit 80). Remittitur issued on March 11, 2014. (Exhibit 81).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 7-10.

[2] Petitioner was convicted of seven prior felonies, including attempted murder. (Exhibit 33, at pp. 4-5).

Petitioner dispatched his federal habeas petition to this Court on April 15, 2014. (ECF No. 2). Respondents have filed a motion to dismiss the petition. (ECF No. 6). Petitioner filed a response in opposition to respondents' motion to dismiss. (ECF No. 18). Respondents filed a reply. (ECF No. 19). Petitioner then filed a document entitled "answer to reply to response to motion to dismiss," which the Court construes as a sur-reply. (ECF No. 21). Respondents have filed a motion to strike petitioner's sur-reply. (ECF No. 22).

**II. DISCUSSION**

**A. Motion to Strike Petitioner's Sur-Reply**

Respondents seek to strike petitioner's sur-reply, which was filed in response to respondents' reply. Rule 7-2 of the Local Rules of Civil Practice authorizes the filing of a motion, a response, and a reply. Local Rule 7-2 does not authorize a party opposing a motion to unilaterally file any further papers responding to the motion after the filing of a reply by the movant. This Court has not authorized the filing of a sur-reply in this case beyond that which is allowed by the Local Rules of Civil Practice. Respondents' motion to strike (ECF No. 22) petitioner's sur-reply (ECF No. 21) is granted.

**B. Grounds 1, 2, and 3(a)**

Respondents seek to dismiss Grounds 1, 2, and 3(a) of the petition because they are based on false allegations and petitioner is not entitled to relief on such grounds. Summary dismissal is appropriate where the allegations in a habeas petition are "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Moreover, the Court must dismiss a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

In Ground 1, petitioner alleges that his Sixth Amendment rights were violated because his counsel was ineffective for failing to file a timely direct appeal. (ECF No. 2, at pp. 3-5). In Ground 2, petitioner alleges that his right to a direct appeal was violated and again alleges that his counsel failed to file a timely notice of appeal after petitioner asked him to appeal the judgment of conviction. (ECF No. 2, at pp. 7-8). In Ground 3(a), petitioner repeatedly alleges that his counsel was ineffective for failing to file a direct appeal after the entry of his judgment of conviction. (ECF

No. 2, at pp. 10-17). Petitioner's "points and authorities" regarding Grounds 1, 2, and 3, at pages 19-31 of the petition, further alleges that his counsel failed to file a timely notice of appeal. These allegations are patently false, because it is plain from the state court record that petitioner's counsel filed a timely notice of appeal on March 30, 2011. (Exhibit 38). Petitioner's counsel filed the opening brief on direct appeal in the Nevada Supreme Court on September 6, 2011. (Exhibit 46). In fact, petitioner attaches pages 3-9 of the opening brief to his federal habeas petition, but omits page 1 of the opening brief, which states: "Appellant filed his timely Notice of Appeal on March 30, 2011." (*Compare* ECF No. 2, at pp. 36-43 *with* Exhibit 46). Petitioner's allegations that his counsel failed to file a timely notice of appeal are patently false and it is plain that petitioner is not entitled to relief on these grounds. Accordingly, Grounds 1, 2, and 3(a) of the petition are dismissed with prejudice. *See Hendricks v. Vasquez*, 908 F.2d at 491.

**C. Ground 3(b)**

In Ground 3(b), petitioner makes allegations concerning the advice of counsel which were not developed in state court. (ECF No. 2, at pp. 12-13). Petitioner did not request an evidentiary hearing to develop the facts in state court. (Exhibit 60, at p. 9(f)). Instead, he only requested an evidentiary hearing for the express purpose of requiring counsel to explain why he "failed to file a timely notice of appeal." (*Id.*). As discussed *supra*, counsel did file a timely notice of appeal. (Exhibit 38). Because petitioner failed to request an evidentiary hearing to prove his factual allegations concerning the advice of counsel, no hearing was held in the state district court. Thus, petitioner's allegations in Ground 3(b) have no basis in fact and are not part of the state court record considered by the Nevada Supreme Court in affirming the district court's decision to deny the claim made in Ground 3(b).

"In *Pinholster*, the Supreme Court held that § 2254(d)(1) 'requires an examination of the state-court decision at the time it was made and on the same record.'" *Stokley v. Ryan*, 659 F.3d 802, 807-08 (9th Cir. 2011) (quoting *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011)). The record which formed the basis for the Nevada Supreme Court's decision did not include the factual allegations made in Ground 3(b) of the petition, because petitioner failed to develop such facts during an evidentiary hearing or assert them in his appellate brief. Because petitioner relies on those

factual allegations to support his claim, Ground 3(b) must be dismissed because it lacks any basis in fact and petitioner is not entitled to an evidentiary hearing in federal court under the exceptions provided for in 28 U.S.C. § 2254(e)(2)(A). Accordingly, Ground 3(b) is dismissed with prejudice.

**D. Grounds 4 and 5**

Respondents seek to dismiss Grounds 4 and 5 of the petition on the basis that they do not raise cognizable claims under the United States Constitution. In Ground 4, petitioner alleges that the state district court abused its discretion in denying his motion to withdraw his guilty plea. (ECF No. 2, at p. 32). Presentence motions to withdraw a guilty plea are governed by state law, see NRS 176.165, and are left to the discretion of the state district court. *See Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 537 (2004). Petitioner does not cite any provision of the United States Constitution or other federal law in support of his argument. (ECF No. 2, at p. 32). In Ground 5, petitioner alleges that the state district court abused its discretion in allowing the State to argue that he should be sentenced under the large habitual criminal statute. (ECF No. 2, at p. 34). Petitioner does not cite any provision of the United States Constitution or other federal law in support of his argument. (*Id.*). Because petitioner's claims in Grounds 4 and 5 are based in state law and not the United States Constitution, they are not cognizable claims for federal habeas relief. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Additionally, to the extent that Grounds 4 and 5 could be construed as alleging federal claims, those claims are unexhausted because they were not federalized in the Nevada state courts. A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit by either referencing specific provisions of the federal constitution or statutes, or citing to federal case law. *Castillo v. McFadden*, 399 F.3d 993, 999; *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001). "In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis." *Fields v. Waddington*, 401 F.3d 1018, 1021-22 (9th Cir. 2005). Mere similarity of claims between a state law claim and a federal law claim is insufficient for

exhaustion purposes. *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). In the instant case, petitioner did not alert the state courts to the fact that he was asserting a federal claim, therefore, he did not fairly present any federal claims to the Nevada state courts. *See Duncan v. Henry*, 513 U.S. at 365-66. The Court must dismiss a petition if there are no properly exhausted claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

### III. Certificate of Appealability

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that respondents' motion to strike (ECF No. 22) petitioner' sur-reply is **GRANTED.** The Clerk of Court **SHALL STRIKE** petitioner's sur-reply (ECF No. 21) from the Court's record.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition (ECF No. 2) is **DISMISSED WITH**

**PREJUDICE** in its entirety.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

**DATED** this 30th day of September, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court